# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

MONICA COOPERSMITH
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 05-80178-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
    - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☑ a preponderance of the evidence that

Defendant appears pursuant to the Government's Petition alleging that she has violated terms of her supervised release. Specifically, Defendant was convicted for Bank Robbery, Aiding and Abetting, and Attempted Bank Robbery and on December 14, 2005 was sentenced to a term of 70 months with the Bureau of Prisons, followed by a three year term of supervised release with special conditions. Defendant's supervision commenced on January 14, 2011. On March 9, 2011 a modification to her special mandatory conditions of supervised release was imposed which reads: " The Defendant shall reside in a Residential Reentry center (RRC) for 180 days".   (CONTINUE ON PAGE 2)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| May 17, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V MONICA COOPERSMITH   05-80178-1                                    PAGE 2

Defendant entered Heartline RRC on March 15, 2011. On May 5, 2011, she signed herself out and went to the store and did not return until the following morning. On May 6, 2011, defendant returned and admitted that she "was out all night using crack cocaine". Subsequently defendant was terminated from the RRC program as a program failure.

Defendant has a hearing scheduled before the Honorable Patrick Duggan on May 25, 2011 at 3:30 p.m. Defendant asks the court for a bond, with a tether, and for the ability to return to her mother's home under the third party custody of her mother. Defendant's mother, Ms. Martha Latham, was contacted by telephone by Defendant's supervising officer after court hours on May 16, 2011. Ms Latham clearly stated that she could not control her daughter (the defendant) and that she was not willing to take her into her home as a third party custodian, and that she felt her daughter was suicidal. Defendant denies that her mother would have said this to her probation officer.

Defendant exhibited very agitated and somewhat uncontrolled behaviors both during her initial appearance in court and during her detention hearing on May 17, 2011. She stated that she has been diagnosed with "schizoid factor" which she says accounts for her irrational behaviors. In fact it was reported that on February 21, 2011, Defendant was allowed back to her mother's house for a time but she absconded for an entire week, relapsed, and the result was that she was admitted to Havenwake Treatment Center until March 15, 2011, when she was admitted into Heartline RRC.

Defendant has relapsed/absconded twice previously while under supervision. Her mother is not willing to house her or take responsibility for her. Her mother is not an appropriate third party custodian, and a tether will not assure her appearance in court on May 25, 2011 before Judge Duggan. Defendant cannot control her behaviors, and she has proven herself to be a risk of flight under supervision. She has had two previous violation hearings before Judge Duggan. She is not a candidate for bond, due to her mental issues and her drug dependence issues, which have rendered her incapable of complying with conditions of bond and/or supervision. She has shown by more than a preponderance of the evidence that she is a risk of flight, and a danger to herself. Therefore Detention is Ordered.